IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-3478-CV-S-RED |
| | ) |
| PREMIER TRANSPORTATION AND | ) |
| WAREHOUSE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

NOW before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 4); Defendants' Suggestions in Support of Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 5); Defendant Premier's Joinder in Wrotny/McClard Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 8); Plaintiff Admiral Insurance Company's Suggestions in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 15); Wrotny and McClard Defendants' Reply Suggestions in Response to Plaintiff's Opposition to Motion to Dismiss (Doc. 18). For the following reasons, the Court finds that Defendants' Motion to Dismiss is due to be granted.

**I. Factual Background**

This case is a declaratory judgment action stemming from two equitable garnishment actions authorized by Mo. Rev. Stat. § 379.200. Previously, Defendants herein, Karen McClard, Anna McClard, Joshua McClard, Ann Wrotny, Gary Wrotny and Jonathan Wrotny filed a wrongful death action against Premier Transportation & Warehousing, Inc. (hereinafter "Premier") in the Circuit Court of Greene County, Missouri. In that case, Defendants alleged that a tractor trailer driven by Dwight Troyer, an agent of Premier, and insured by Admiral Insurance Company (hereinafter

"Admiral"), crossed a median on Interstate 44 and collided with a vehicle which decedent James Wrotny was driving and decedent James McClard was a passenger. Defendants further allege that as a result of injuries sustained in the accident, James Wrotny and James McClard died. Individual Defendants herein received a judgment against Defendant Premier, and now seek to pursue an equitable garnishment action against Premier's insurer, the Plaintiff herein. Admiral seeks a declaratory judgment that under its policy, it has no liability to Defendants herein.

## II. Discussion

In the pending motion to dismiss, Defendants argue Plaintiff's declaratory judgment action is inappropriate and should be dismissed because there are now pending state court equitable garnishment actions involving the same parties. Defendants assert that Defendants' equitable garnishment actions provide an adequate forum for Plaintiff to litigate all issues which could be included in its declaratory judgment action. *See Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 260 (8th Cir. 1993) (recognizing that in Missouri equitable garnishment actions, "[t]he rights of the injured party/judgment creditor are derivative, so the insurer may interpose defenses it would have against its insured"). Thus, Defendants submit that the Court should exercise its discretion and dismiss Plaintiff's suit.

The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995) (citing 28 U.S.C. § 2201(a) (1988 ed., Supp. V)). In *Wilton*, the Supreme Court resolved the standard under which district courts decide whether to dismiss or stay a federal declaratory judgment action during the pendency of a parallel state court proceeding. The Court adopted the discretionary standard set forth in its previous decision in *Brillhart v. Excess Ins. Co. of America*,

2

316 U.S. 491 (1942). *See Wilton*, 515 U.S. at 282-89 (rejecting the "exceptional circumstances" test developed in *Colorado River Water Conservation Dist. v. United States*, 242 U.S. 800 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)). According to the *Wilton* Court, *Brillhart* requires that district courts consider the scope and nature of the pending state court proceeding to ascertain "'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can be better settled in the proceeding in the state court.'" *Wilton*, 515 U.S. at 282 (quoting *Brillhart*, 316 U.S. at 495). In *Capitol Indemn. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000), the Eighth Circuit ruled that where the federal proceeding can be better settled by the pending state court suit, the district court should dismiss the federal action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit while another suit is pending in a state court presenting the same issues, not governed by Federal law, between the same parties." *Id.* (quoting *Brillhart*, 316 U.S. at 495); *see also International Ass'n of Entrepreneurs of Amer*ica *v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995) (citations omitted) ("The Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action.")

This action involves only issues of Missouri insurance law. Plaintiff seeks a declaration concerning its obligation to Defendants Wrotny and McClard under the insurance policy issued to Defendant Premier. The equitable garnishment actions filed by Defendants Wrotny and McClard are statutory causes of action, though often called a garnishment action, they are "no garnishment at all, but [] a suit in equity against the insurance company to seek satisfaction of one's judgment under an insurance policy." *Glover*, 984 F.2d at 260 (citing *Zink v. Employer's Mutual Liability*

3

*Insurance Co.*, 725 S.W.2d 561, 564 (Mo. Ct. App. 1987)). The equitable garnishment actions are Defendant Wrotny and McClard's exclusive remedy against Plaintiff. *See id.* The statute requires that Defendants Wrotny and McClard proceed against both the insurance company and its insured. *See* Mo. Rev. Stat. § 379.200. Plaintiff's instant suit raises claims against Defendants that would be defenses to the state court action and it therefore clearly has the ability to raise all such issues in the equitable garnishment action.

There is no dispute that Defendants Wrotny and McClard's state court actions involve the same subject matter and parties. Plaintiff's only argument as to why this action should not be dismissed due to a pending state court proceeding is that the state court equitable garnishment actions were removed to federal court and, therefore, the *Brillhart* factors should not apply. However, that argument is no longer valid as the equitable garnishment actions have since been remanded to the state court.[1] Thus, a parallel state court action is pending and *Brillhart* is applicable.

Furthermore, the fact that the instant action was filed prior to Defendants Wrotny and McClard's equitable garnishment actions is of no importance. In *Wilton*, the insurer refused to defend or indemnify its insured in connection with a suit against the insured over ownership and operation of certain oil and gas properties. 515 U.S. at 279. The suit was tried in state court resulting in a verdict against the insured. The insurer then brought an action for declaratory judgment in federal court. Significantly, the federal action was filed more than one month prior to a suit brought by the insured in state court. *Id.* at 280. The insured sought to have the federal action

---

[1] *See McClard, et al. v. Admiral Insurance Co.*, 05-3581, Doc. 25; *Wrotny, et al. v. Admiral Insurance Co.*, 05-3582, Doc. 53.

4

dismissed or stayed. *Id.* The district court entered a stay, which was later affirmed by both the Fifth Circuit Court of Appeals and the Supreme Court. *Id.* at 281. In its decision, the Supreme Court noted that the fact "[t]hat the court here stayed, rather than dismissed, the action is of little moment in this regard, because the state court's decision will bind the parties under principles of res judicata." *Wilton*, 515 U.S. at 283. Thus, the fact that a declaratory judgment action may be filed before a state court action covering the same issues does not preclude a court from staying or dismissing the declaratory judgment action.

Moreover, in *Verizon Communications, Inc. v. Inverizon Int'l, Inc.*, 295 F.3d 870, 874 (8th Cir. 2002), the Eighth Circuit clearly stated that the timing of the declaratory judgment action was a relevant factor, but not a dispositive one. The Court notes that this is not a case where the declaratory judgment appears to be sought defensively to "deny a prospective plaintiff's choice of forums." *Prudential Ins. Co. of Am. v. Doe*, 140 F.3d 785, 790 (8th Cir. 1998). Rather, this is a case where the principles of *Brillhart* and *Wilton* which govern this Courts decision, as well as the consideration of judicial economy, weigh heavily in favor of granting Defendants' Motion to Dismiss. Consideration of the timing issue is relevant, but does not outweigh these other considerations.

After considering the nature of the pending state court proceeding brought by Defendants Wrotny and McClard and the issues in controversy between the parties to this suit, the Court finds that the dispute can be better resolved by the state court. The state court is in a better position to adjudicate these matters, and to exercise jurisdiction would be unnecessarily duplicative and uneconomical.

**III. Conclusion**

5

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Motion to Stay (Doc. 4) is due to be **GRANTED**. The Complaint in the above-styled case is hereby **DISMISSED** without prejudice, each party to bear its own costs.

**IT IS SO ORDERED.**

                                                    */s/ Richard E. Dorr*
                                                 RICHARD E. DORR, JUDGE
                                                 UNITED STATES DISTRICT COURT

DATED: April 7, 2006